**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

SHARON OWEN, )
)
    Plaintiff, )
)
v. ) Case No. 11-04258 -CV-FJG
)
BRISTOL CARE, INC. )
)
    Defendant. )

## ORDER

Currently pending before the Court is Defendant Bristol Care, Inc.'s ("Bristol Care") Motion to Stay Proceedings and Compel Arbitration (Doc. No. 5 & Doc. No. 6).

**I.    Background**

This is an action filed under the Fair Labor Standards Act ("FLSA") in which, Plaintiff Sharon Owen, alleges on behalf of herself and other similarly situated current and former employees of Defendant Bristol Care,[1] that between August 27, 2009 to September 15, 2010, Defendant deliberately misclassified Plaintiff and Administrators as "exempt" employees for the purpose of federal and state overtime law. Plaintiff submits that Defendant Bristol Care, required employees to work in excess of forty (40) hours per week without payment of time-and-a-half for all hours worked in excess of forty. (Doc. No. 1).

As a condition of employment, Owen and Bristol Care signed an Employment Agreement which included a Mandatory Arbitration Agreement ("Agreement" or

---

[1] It is important to note that class certification has not yet occurred.

"Arbitration Agreement"). The Arbitration Agreement provides, in part, that Plaintiff and Bristol Care agree to resolve, by binding arbitration, the following items:

- **A.)** [A]ll claims or controversies for which a federal or state court or other dispute-resolving body otherwise would be authorized to grant relief, whether arising out of, relating to or associated with…any other legal theory that Employee may have against the Company or that the Company may have against the Employee…

- **B.)** [C]laims for wages or other compensation…

- **C.)** [C]laims for violation of any federal…statute…including…the Fair Labor Standards Act of 1938, as amended…

Claims explicitly not covered by the Agreement include, but are not limited to the following:

- **D.)** [W]orkers' compensation benefits,..default of any [loan] obligation,...equitable relief for intellectual property obligations, unfair competition,….[and] unauthorized disclosure of trade secrets,…

Finally, the Agreement provides:

- **E.)** [A]rbitration is the parties' exclusive legal remedy.

- **F.)** The parties….are prohibited from arbitrating claims subject to this Agreement as, or on behalf of, a class…

- **G.)** The employer reserves the right to amend, modify, or revoke this agreement upon thirty (30) days prior written notice to the Employee.

(Doc. No. 6 and Doc. No. 6-1 Ex. A). Defendant asserts that all claims raised by Plaintiff in the Complaint are covered by the Arbitration Agreement (Doc. No. 5 & Doc. No. 6). As such, Defendant submits its present Motion to Stay Proceedings and Compel Arbitration (Doc. No. 5 & Doc. No. 6).

**II. Discussion**

Plaintiff asserts that the present action should not be compelled to arbitration. The Arbitration Agreement, according to Plaintiff, is an illusory contract under Missouri

law and thus, unenforceable.  First, the Agreement contains a provision that allows Defendant to unilaterally amend, modify or revoke the Agreement.  Second, the Agreement is unfairly one-sided.  There was unequal bargaining power and sophistication between Ms. Owen and Bristol Care upon signing.  Furthermore, the only covered claims of the Agreement are employment-related claims against the company, which are typically brought by employees; while more complex claims, typically brought by an employer, are permitted to proceed in court.  Third, Ms. Owen's action of signing the Agreement after having signed the employment contract - despite the mere second difference - does not provide sufficient consideration for a valid contractual Arbitration Agreement.  Finally, the Agreement prohibits Ms. Owen from vindicating her federal statutory right to bring a collective action pursuant to the FLSA.  This violates the plain language and intent of the statute.  As such, the Agreement is illusory and unconscionable under Missouri law and thus, unenforceable.  (Doc. No. 10).

Defendant submits that the present action should be compelled to arbitration.  First, although the Arbitration Agreement allows Defendant to unilaterally take action, it contains a prospective notice requirement that puts restraints on Defendant's ability to modify the Agreement in any form.  The limits placed on Defendant make the Agreement valid.  Second, parties often have different responsibilities with respect to contractual obligations.  There is almost never precise equal bargaining power between them.  This does not mean that the ultimate assent was one-sided or otherwise, not mutual.  Third, the order in which the Employment Agreement and Arbitration Agreement were signed is not material.  Finally, Plaintiff's inability to bring a class action

does not invalidate the Arbitration Agreement because Plaintiff is not losing any rights with respect to her own claim. As such, the Agreement is enforceable and arbitration should be compelled. (Doc. No. 5, Doc. No. 6, & Doc. No. 10).

**A. Standard of Review**

When faced with a motion to compel arbitration, the Court must consider three factors. Frye v. Speedway Chevrolet Cadillac, 321 S.W.3d 429, 434-35 (Mo. App. W.D. 2010). First, it must determine whether a valid arbitration agreement exists. Id. Second, if a valid arbitration agreement exists, it must determine whether the specific dispute falls within the scope of the arbitration agreement. Id. Third, if a valid arbitration contract exists, and if the subject dispute is within the scope of the arbitration provision, then the Court must determine whether the arbitration agreement is subject to revocation under applicable contract principles. Id. In making these determinations, the Court is to apply the usual rules of state contract law and canons of contract interpretation. Id.

**B. Valid Arbitration Agreement**

   **i. Unilateral Right to Modify**

A contract consists of communication of an offer, acceptance, and consideration. Nebraska Beef, Ltd. v. Wells Fargo Bus. Credit, Inc., 470 f.3d 1249 (8th Cir. 2006). A contract that purports to exchange mutual promises will be construed to lack legal consideration if one party retains the unilateral right to modify, amend, or alter the contract as to permit the party to unilaterally divest itself of an obligation to perform the promise initially made. Frye, 321 S.W.3d at 442-45. Simply stated, contracts which permit unilateral modification or amendments are deemed illusory and thus, are

4

unenforceable. Id. However, in the employment context, contracts which permit unilateral amendments, by an employer, that are prospective in application and which employees are afforded reasonable advance notice of modification may prevent an employer's mutual promise from being rendered illusory. Id. This is particularly the case with respect to arbitration agreements. Id. citing Pierce v. Kellogg, Brown, Root, Inc., 245 F.Supp.2d 1212, 1215-16 (E.D.Okla. 2003) (sufficient consideration found to enforce arbitration agreement where unilateral amendment clause by employer provided that modification would not be effective as to disputes that were already initiated and gave at least 10 days notice to current employees); Batory v. Sears, Roebuck & Co., 124 Fed. Appx. 530, 534 (9th Cir. 2005) (mutual promise to submit to arbitration is not illusory where employer unilateral discretion to modify is limited in two important respects: provides employees 60 days notice of termination or modification and cannot modify with respect to a previously submitted claim); See also Carey v. 24 Hour Fitness, USA, Inc., No. 10-20842, 2012 WL 205851, at *5 (5th Cir. January 25, 2012) (notice and acceptance of unilateral amendment to arbitration agreement by employee is not sufficient to render an arbitration provision non-illusory under contract law; reasonable advance notice and language denoting prospective application of unilateral amendment is required to create a valid arbitration contract between employer and employee). Silence about possible retroactive or prospective application of unilateral amendments to an arbitration policy is interpreted to allow amendments to apply retroactively. Carey, 2012 WL 205851, at *4. Retroactive application is impermissible. Id. Reasonable advance notice of unilateral modification or amendment, alone, is insufficient where retroactivity is possible. Id.

In this case, the Arbitration Agreement signed by Plaintiff Owen and Defendant Bristol Care contained a unilateral right of the employer "to amend, modify, or revoke [the] [A]greement upon thirty (30) days prior written notice to the Employee". (Doc. No. 6-1 Ex. A). The Agreement is silent as to prospective or retroactive application. Therefore, the Agreement meets the requirement of containing reasonable advance notice of modification to employees, but it fails to meet the requirement of language denoting prospective application. As such, the Arbitration Agreement, on this ground, is illusory and does not meet the threshold test of sufficient legal consideration for a valid contract on these grounds.

### ii. Signing Arbitration Agreement as a Condition of Employment

Nonetheless, Defendant argues that should the Court find the Arbitration Agreement illusory based on Defendant's unilateral right to modify, the contract is still enforceable because the act of Plaintiff signing the Agreement as a condition for employment supplied sufficient consideration for Plaintiff's promise to arbitrate (Doc. No. 12). Plaintiff does not take up this issue in its pleadings (Doc. No. 10, Doc. No. 14, & Doc. No. 18).

The only telling case on the issue of whether hiring an employee is sufficient consideration for a valid arbitration agreement in Missouri is Canterbury v. Parsons Constructors, Inc., No. 08-0104-CV-W-HFS, 2009 WL 899661, at *1 (W.D.Mo. March 27, 2009). Canterbury merely states in a footnote that, "[w]hile Plaintiff would equate hiring an employee to an at-will position as meaningless consideration for an agreement to arbitrate disputes, [it is] doubt[ful] the Missouri courts will adopt such an unrealistic

6

view." Canterbury, 2009 WL 899661, at *1.[2] Mutual promises, imposing some legal duty or liability on each promisor, are sufficient consideration to form a valid, enforceable contract. Martin Marietta Materials, Inc., v. The City of Greenwood, Missouri, No. 06-697-CV-W-DW, 2008 WL 2700061, at *1 (W.D.Mo. June 27, 2008) citing Allied Disposal, Inc. v. Bob's Home Serv. Inc., 595 S.W.2d 417, 419 (Mo.Ct.App. 1980). Here, Defendant promised to employ Plaintiff and as a condition of that employment, Plaintiff promised to be compelled to arbitration. As such, the Court is persuaded that sufficient consideration for a valid arbitration agreement existed in this case. The Arbitration Agreement, here, is valid.

**C. Scope of Arbitration Agreement**

Furthermore, the dispute in this case falls within the scope of the Arbitration Agreement. The Arbitration Agreement specifically states that it covers, "all claims or controversies for which a federal or state court….otherwise would be authorized to grant relief…relating to or associated with…any…legal theory that Employee may have against the Company…" including "claims for wages or other compensation.." or " claims for violation of any federal…statute…including…the Fair Labor Standards Act of 1983, as amended…" (Doc. No. 6 and Doc. No. 6-1 Ex. A). Here, Plaintiff Owen alleges on behalf of herself and other similarly situated current and former employees of Defendant Bristol Care that Defendant violated the FLSA (Doc. No. 1). As such, the dispute falls within the scope of the Arbitration Agreement.

---

[2] Courts in other circuits have articulated that arbitration agreements signed as a condition of employment or signed when an employee is first hired contain sufficient consideration for an arbitration agreement or contract to be deemed valid. E.E.O.C. v Fry's Electronics, Inc., No. C101562RSL, 2011 WL 666328, at *1 (W.D. Wash. February 14, 2011); See also Hadnot v. Bay, Ltd., 344 F.3d 474, 477-78 (5th Cir. 2003).

7

**D. Arbitration Agreement Subject to Revocation – Class Action Waiver**

Despite the fact that the Arbitration Agreement in this case is valid and the subject dispute falls within the scope of the arbitration provision, the Arbitration Agreement is subject to revocation under applicable contract principles. Specifically, an arbitration clause may not be enforced if it precludes the vindication of substantive rights afforded by statute. Chen-Oster v. Goldman, Sachs & Co., 785 F.Supp.2d 394, 406 (S.D.N.Y. 2011). These rights include the right to bring a class or collective action in the employment context. Id. at 403-410. The Federal Arbitration Act ("FAA") has a strong policy favoring arbitration. 9 U.S.C. §3 However, when a Plaintiff's statutory rights are not capable of vindication through arbitration, the federal substantive law of arbitrability, grounded in the FAA, allows federal courts to declare otherwise operative arbitration clauses unenforceable. Id. at 406.

On April 27, 2011, the Supreme Court held in AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740 (2011), that waivers of class arbitration are permissible under the FAA. The Court noted that the purpose of the FAA is to provide faster and cheaper means to litigation. However, given that freedom to contract is a fundamental right, parties may agree to limit the issues subject to arbitration in the same manner they would limit matters of contract. As such, the FAA overrides state contractual issues disfavoring arbitration in consumer contracts.[3]

Nonetheless, in the employment context, Concepcion,[4] is not controlling. In the employment context, waivers of class arbitration are not permissible. D.R. Horton Inc.,

---

[3] Defendant cites CompuCredit Corp v. Greenwood, 132 S.Ct. 665 (2012) as supplemental authority that the class action arbitration waiver in this case is valid and enforceable (Doc. No. 15). The arbitration waiver in CompuCredit involved a consumer contract and not an employment contract.

[4] 131 S.Ct. 1740 (2011)

8

357 N.L.R.B. 184 (2012) (noting that an employer violates NLRA statutory rights of its employee by requiring employees, as a condition of employment, to waive their right to pursue collective legal redress in both judicial and arbitral forum; noting distinction that Concepcion[5] involved conflict between FAA and state law -which is governed by Supremacy Clause - whereas in this particular employment context, two federal statutes conflict and thus, the ultimate decision should differ); Chen-Oster, 785 F.Supp.2d 394, 398 – 408 (noting that because a pattern or practice claim under Title VII can only be brought in the context of a class action, employee's claim cannot be committed to arbitration lest employee be deprived of her substantive rights; noting further that a federal court will compel arbitration of a statutory claim only if it is clear that the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum such that the statute under which its claims are brought will continue to serve both its remedial and deterrent function; this applies not only to claims that are so small in value that it is not economically viable to pursue them, but can apply to a variety of other claims as well).

Here, Plaintiff Owen seeks to bring her claim on behalf of herself and other similarly situated current and former employees of Defendant Bristol Care under the FLSA (Doc No. 1). The FLSA states:

> An action to recover the liability…..may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated….The right provided by this subsection to bring an action by or on behalf of any employee and the right of any employee to become a party plaintiff to any such action shall terminate upon the filing of a complaint by the Secretary of Labor…..

---

[5] Id.

29 U.S.C. §216(b). Denying Plaintiff Owen of her substantive right to bring this claim as a class or collective action by compelling the action to arbitration violates the plain language of the FLSA.[6] As such, the Arbitration Agreement prevents Plaintiff from vindicating the substantive rights afforded to her by statute and thus, must be revoked. The Arbitration Agreement is invalid.

## III. Conclusion

Accordingly, Defendant Bristol Care, Inc.'s Motion to Stay Proceedings and Compel Arbitration (Doc. No. 5 & Doc. No. 6) is **DENIED**.

**IT IS SO ORDERED.**

Date: February 28, 2012　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

---

[6] Concepcion, 131 S.Ct. 1740, 1750-51 citing Stolt-Nielsen S.A. v. AnimalFeeds Int'l. Corp., 130 S.Ct. 1758, 1773-1776 (arbitration panel may not impose class arbitration procedures).